IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION


LC FARMS, INC.                                                                                          PLAINTIFF

v.                                                              CIVIL ACTION NO. 2:12-cv-165-SA-JMV

CHARLES MCGUFFEE; RAIN AND HAIL, LLC;
RAIN AND HAIL INSURANCE SERVICES, INC.;
and ACE PROPERTY AND CASUALTY
INSURANCE COMPANY                                                                                   DEFENDANTS


## MEMORANDUM OPINION

Presently before the Court is Plaintiff's Motion to Remand [10]. The issue specifically raised therein is simple to state, but significantly more difficult to resolve. The Court's disposition of this matter is complicated by the fact that the current posture of this case raises fundamental, yet conflicting principles of federal law. Specifically, the Court is called here to determine whether remand is proper following a post-removal amendment that appears to cure the alleged improper joinder of a non-diverse defendant. For the reasons set forth below, Plaintiff's Motion to Remand is GRANTED.

## FACTUAL BACKGROUND

The dispute between the parties arose out of the Defendants' refusal to pay an insurance claim for crop failure filed by Plaintiff. Plaintiff filed the instant action in the Circuit Court of Coahoma County, Mississippi, alleging that Defendants were liable in tort and contract. As to Defendant Charles McGuffee, the sole non-diverse defendant, Plaintiff averred only a contract and simple negligence claim in regard to his actions as the claims adjuster. Specifically, Plaintiff alleged that Defendant McGuffee failed to comply with the terms of the policy by explicitly

instructing Plaintiff that no additional samples of Plaintiff's crop would be required to process his claims. Defendants thereafter filed a notice of removal, arguing that Mississippi law precludes a finding of liability in regard to insurance agents for merely negligent conduct and Defendant McGuffee was therefore improperly joined. Under Federal Rule of Civil Procedure 15(a), Plaintiff, as a matter of course, amended its complaint to allege gross negligence on the part of Defendant McGuffee. Plaintiff thus filed the instant motion, conceding that the negligence claim raised in the state court complaint was legally deficient, but contending that the amended complaint showed that Defendant McGuffee's joinder was not improper and that complete diversity between the parties had been destroyed. Defendants, on the other hand, assert both that Plaintiffs' act of simply changing its prayer for gross negligence is insufficient to support the possibility of liability and, regardless, diversity of the parties is to be determined solely at the time of removal. The Court considers these arguments.

## DISCUSSION

Federal courts are courts of limited jurisdiction and, as such, are called to presume that a suit lies outside such jurisdictional limits. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). When considering a case that has been removed, the party removing the case bears the burden of showing that jurisdiction is proper in federal court. Guillory v. PPG Indus., Inc., 434 F. 3d 303, 309 (5th Cir. 2005). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). The removal statute is to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand. Gasch v. Hartford Acc. & Indem. Co., 491 F. 3d 278, 281 (5th Cir. 2007).

2

As a general matter, the jurisdictional determination is based on the status of the parties at the time of removal and post-removal events will not divest the court of the power to hear a case. Cavallini v. State Farm Mut. Auto Ins. Co., 44 F. 3d 256, 264 (5th Cir. 1995) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S. Ct. 347, 83 L. Ed. 334 (1939)). However, in the event that, after removal, the plaintiff seeks to join additional defendants whose presence would destroy diversity jurisdiction, the court is permitted to either deny joinder or allow such joinder and immediately remand the action to state court. 28 U.S.C. § 1447(e). Thus, the Fifth Circuit has held that although post-removal developments will not typically strip a federal court of jurisdiction, the addition of a non-diverse defendant will indeed do so. Hensgens v. Deere & Co., 833 F. 2d 1179, 1181 (5th Cir. 1987).

In support of Defendants' contention that this Court should rely solely on the general principle that the Court is required to determine the propriety of jurisdiction at the time of removal, Defendants point the Court to the Fifth Circuit's holding in Cavallani. 44 F. 3d at 256. Indeed, in Cavallani, the court was faced with a similar, but quite separate, situation. There, the plaintiff filed suit against the insurer and its agent, a non-diverse party, alleging breaches of contract and of the duty of good faith and fair dealing. Id. at 258. The defendant immediately removed the cause to federal court on the basis of improper joinder of the agent. Id. The plaintiffs, then, filed a motion to remand. Id. Approximately five months later, the plaintiffs sought leave of the court to amend their complaint in an attempt to "clarify those facts which support[ed] a cause of action" against the insurer's agent. Id. at 258-59. The district court denied that motion and subsequently held that the proposed amended complaint could not be considered and that as of the time of removal, the plaintiff's original petition failed to set forth a cause of action against the agent and remand was thus improper. Id. In upholding the court's

ruling, the Fifth Circuit held that the district court correctly adjudicated the case by refusing to consider the proffered amendment on grounds that "a complaint amended post-removal cannot divest a federal court of jurisdiction." Id. at 264.

This Court finds Cavallani less than ironclad, however, on grounds that the district court there was in a position to deny the plaintiffs' attempt to amend the complaint and the court was therefore never faced with a situation in which it actually had to retain diversity jurisdiction even after it had been destroyed. Notably, Defendants have been unable to point the Court toward any cases in which the complete diversity of the parties has been destroyed by similar circumstances and yet the court has retained jurisdiction. Nor, in this Court's own course of review, has it been able to find authority to disregard an amendment made as a matter of course, which rehabilitated a previously deficient claim against a party present in the state court complaint.

It appears, quite predictably, that other district courts have displayed the same hesitancy to retain jurisdiction over a case which runs so counter to the complete diversity requirements of federal jurisdiction. Generally, such courts have either declined the plaintiff's ability to amend or have remanded. See Bevels v. Am. States Ins. Co., 100 F. Supp. 2d 1309, 1309 (M.D. Ala. 2000); Clinco v. Roberts, 41 F. Supp. 2d 1080, 1080 (C.D. Cal. 1999); Mills Group Ltd., v. Oceanografia, S.A. de C.V., 2009 WL 3756931, *2 (S.D. Tex. Nov. 6, 2009). In Bevels, for instance, the court declined to remand following a diversity-destroying amendment as a matter of course, but did so on grounds that 28 U.S.C. § 1447(e) foreclosed a plaintiff's ability to amend without leave of court under Rule 15(a). 100 F. Supp. 2d at 1312, 1313. The court reasoned that although § 1447(e) did not specifically contemplate the post-removal joinder of parties added through an amendment made as a matter of course, it did specifically govern the joinder of parties following removal, and thus the rationale of Rule 15(a) was less applicable in such

4

situations. Id. (citing Mayes v. Rapoport, 198 F. 3d 457, 461 n. 11 (4th Cir. 1999)). Subsequently, the court found that plaintiffs' attempt to amend was unwarranted and the court disallowed joinder. Id. at 1313.

On the other hand, at least one court in this Circuit has allowed amendment to state a viable claim against a non-diverse party that was named at the time of removal, but had been overlooked on the grounds of improper joinder. Mills Group Ltd., 2009 WL 3756931 at *2. There, once the court allowed leave to amend, it immediately remanded. Id. The court articulated that Cavallini did not provide specific guidance because there the request to amend had been denied and, consequently, the court had faced no active pleading with factually-supported claims against a non-diverse defendant. Id. The Mills Group court held that it simply could not continue to preside over the case between non-diverse parties. Id.

In the case at hand, this Court is in a slightly different position than that presented in either Bevels or Mills Group. Unlike Bevels, the present Plaintiffs have not attempted to add or join a party under the provision of Rule 15(a). Instead, they have merely amended their prayer for relief against a party that was named in the original complaint. Thus, this Court is unwilling to assert that the thrust of § 1447(e) forecloses Plaintiffs right to amend as a matter of course under Rule 15(a), when § 1447(e) speaks specifically to the joinder of additional defendants. Indeed, the liberal pleading policy set forth in Rule 15(a) has long been considered a valuable tenet of the federal rules and it generally applies with equal force to cases that have been remanded. See Foman v. Davis, 371 U.S. 178, 181-82, 83 S. Ct. 227, 9 L. Ed. 222 (1962) (finding allowance of amendment as set forth in Rule 15(a) to be consistent with the fact that "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is

5

to facilitate a proper decision on the merits"); FED. R. CIV. PRO. 81(c) ("These rules apply to a civil action after it is removed from a state court."). This Court is therefore unwilling to foreclose Plaintiff's use of Rule 15(a) absent clear judicial or legislative guidance.

Moreover, Mills Group presents a slightly different situation in that the court there was free to decline plaintiff's request to amend the complaint. Here, assuming the proviso of Rule 15(a) remains in-tact, this court has no such discretion. This court therefore feels even more convinced that the presence of the non-diverse defendant affects the court's jurisdiction despite the fact that an amendment was made post-removal.

Having determined that Plaintiff's amendment should likely be considered under the circumstances, the Court turns to Defendants next contention that the facts giving rise to the cause of action are insufficient to support a finding of an intentional tort on the part of the Defendant's agent and Defendant McGuffee has nonetheless been improperly joined. In order to establish a claim for improper joinder, the party seeking removal must demonstrate either (1) actual fraud in the pleading of jurisdictional facts, or (2) an inability of the plaintiff to establish a cause of action against the non-diverse party in state court. McDonal v. Abbott Labratories, 408 F.3d 177, 183 (5th Cir. 2005). Defendants challenge here is clearly of the second variety.

In order to prevail on such a theory, the defendant must show that there is no possibility of recovery by the plaintiff against the non-diverse defendant. Smallwood v. Illinois Cent. Ry. Co., 385 F. 3d 568, 573 (5th Cir. 2004). In other words, there can be no "reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id. As Defendants to this action ably point out, no action can be maintained against an insurance adjuster for a breach of contract committed by the insurer and an insurance adjuster cannot be held liable for simple negligence in connection with his or her work on a claim. McFarland v.

6

Utica Fire Ins. Co., 814 F. Supp. 518, 521 (S.D. Miss. 1992) (citing Moore v. Interstate Fire Ins. Co., 717 F. Supp. 1193, 1193 (S.D. Miss. 1989)); Bass v. California Life Ins. Co., 581 So. 2d 1087, 1089 (Miss 1991). In order to hold an adjuster liable, the plaintiff must show that the adjuster's conduct rose to the level of "gross negligence, malice, or [a] reckless disregard for the rights of the insured. Bass v. Calif. Life Ins. Co., 581 So. 2d 1087, 1090 (Miss. 1991).

One potential avenue to show gross negligence, malice, or reckless disregard arises when there is no arguable or legitimate reason for the insurer to deny the claim and it is nonetheless refused. Davidson v. State Farm Fire & Cas. Co., 641 F. Supp. 503, 510 (N.D. Miss. 1986). However, when attempting to hold the adjuster liable under such a theory, the allegation must be bolstered by a showing of chicanery or a deliberative design on the part of the adjuster to frustrate the plaintiff's rights. Fedders Corp., v. Boatwright, 493 So. 2d 301, 312 (Miss. 1986) (finding insufficient evidence to support gross negligence or outrageous conduct when claim was not denied and delay was due to mere incompetence); see also Dunn v. State Farm Fire & Cas. Co., 711 F. Supp. 1359, 1359 (N.D. Miss 1987) (finding an absence of sufficient evidence to support gross negligence or outrageous conduct when denial was supported by legitimate basis); Ironworks Unlimited v. Purvis, 798 F. Supp. 1261, 1266 (S.D. Miss. 1992) (finding no potential cause of action against adjuster when complaint alleged that claim had been denied without cause, but did not allege adjuster had played a role in such disposition).

In Dunn, for instance, the plaintiff brought suit against her insurer based on its failure to pay her homeowner's claim following the burning of her home. Dunn, 711 F. Supp. at 1360. The plaintiff admitted her husband had intentionally burned the home, but contended that she could not legally be charged with the offense and that she had held a divisible interest in the deed. Id. at 1361. She thus argued that she was entitled to half of the value of the home. Id.

7

This Court, however, determined that despite the policyholder's attempt to place blame specifically on the conduct of the insurance adjuster, the adjuster could not be deemed grossly negligent for failing to examine the deed and arriving at a potentially faulty legal conclusion. Id. Further, the adjuster's action was additionally supported by the fact that the arson provided a legitimate basis for denying the claim. Id. Thus, there were no facts to support plaintiff's allegations that the adjuster's actions had been the product of a deliberate design to frustrate the plaintiff's rights or had constituted gross negligence. Id.

In the case at hand, Plaintiff contends that the denial of its claim resulted from specific instructions by Defendant McGuffee that no further samples of the crop would be required to process his claim. Contrary to that assertion, however, additional samples were allegedly required. Plaintiff contends that the representations of Defendant McGuffee resulted in his claim not being paid. Unlike Dunn, the Plaintiff has not failed to set forth potential grounds for individual liability. Although incompetency alone is insufficient for a finding of gross negligence, it may be enough if accompanied by a deliberative design to frustrate the plaintiff's rights. The court is allowed only to inquire as to whether the plaintiff might prevail, not whether success on the merits will actually or even probably follow. Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd., 99 F. 3d 746, 751 (5th Cir. 1996) (citing Burden v. Gen. Dynamics Corp., 60 F. 3d 213, 216 (5th Cir. 1995)). The Court cannot say with certainty that such a high standard has been met here. As such, Plaintiff has at least potentially alleged a cause of action against a non-diverse defendant, capable of defeating complete diversity. See id.

Based on the fact that Defendants have failed to carry their burden in showing that there is no reasonable basis upon which plaintiff might be able to support a finding of liability in regard to Defendant McGuffee, the Court is unwilling to disregard him as a party improperly

8

joined. Because there does not exist complete diversity of citizenship in this case, the Court lacks subject matter jurisdiction. Although admittedly a close call, the Court determines that the case must be remanded pursuant to 28 U.S.C. § 1447(c). Any uncertainty in such action is quickly ameliorated based upon this Court's commitment to the limits of its own jurisdiction, and a firm understanding that, as observed by another court of this Circuit, the courts of the state judiciary operate with an eye to justice just the same as the courts of the federal judiciary. <u>Pabst v. Roxana Petroleum Co.</u>, 30 F. 2d 953, 954 (S.D. Tex. 1929).

      **IT IS THEREFORE ORDERED** that this case be remanded to the Circuit Court of Coahoma County, Mississippi.

      **SO ORDERED**, this the 21st day of November, 2012.

                                      **/s/ Sharion Aycock**
                                      **U.S. DISTRICT JUDGE**